**08 C 1097**

**JUDGE KOCORAS**
**MAGISTRATE JUDGE SCHENKIER**

# EXHIBIT A

# AWARD
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Names of Claimants

Robert Sam, Jr. and Karen K. Auksi-Sam,
Individually and on Behalf of their Roth IRAs,
SEP IRA, and North Star Basements, Inc.

vs.

Name of Respondent

Edward D. Jones & Co., L.P.

Case Number: 06-02742
Hearing Site: Chicago, Illinois

## NATURE OF THE DISPUTE

Customers vs. Member

## REPRESENTATION OF PARTIES

Robert Sam, Jr. and Karen K. Auksi-Sam, Individually and on Behalf of their Roth IRAs, SEP IRA and North Star Basements, Inc. ("Claimants") were represented by Kirk D. Smith, Esq., Shepherd Smith & Edwards, L.L.P., Houston, Texas until on or about August 25, 2006. Claimants were represented by Erwin Cohn, Esq., Cohn & Cohn, Chicago, Illinois from on or about May 15, 2007 until on or about September 14, 2007. At all other times, Claimants appeared pro se.

Edward D. Jones & Co., L.P. ("Respondent") was represented by Loren Schechter, Esq. and Justin Joseph D'Elia, Esq., Duane Morris, LLP, New York, New York.

## CASE INFORMATION

The Statement of Claim was filed on or about July 5, 2006. The Submission Agreement of Claimant, Robert Sam, Jr., was signed on or about June 10, 2006. The Submission Agreement of Claimant, Karen K. Auksi-Sam, was signed on or about June 10, 2006. The Submission Agreement of Claimant, North Star Basements, Inc., was signed on or about June 10, 2006. Claimants filed a Motion to Strike Respondent's Answer on or about August 29, 2006. Claimants filed a Response to Respondent's Motion to Dismiss on or about February 5, 2007.

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 2 of 7

The Statement of Answer was filed by Respondent on or about August 24, 2006. The Submission Agreement of Respondent was signed on or about July 17, 2006. Respondent filed a Response to Claimants' Motion to Strike the Answer and a Motion to Dismiss for Failure to Produce Discovery on or about February 2, 2007.

## CASE SUMMARY

Claimants asserted the following causes of action: breach of contract and warranties; promissory estoppel; fraud; breach of fiduciary duty; defamation; and vicarious liability. The causes of action related to Claimants' allegation that they were solicited by Respondent to open personal and business checking accounts with Respondent. Claimants alleged that Respondent convinced them that they would receive better service and returns on their money from Respondent than they would from their bank. Claimants subsequently deposited the majority of their assets with Respondent and opened a money market account, which they used to manage their general contractor business, a personal Roth IRA for each of the Sams, and a Simplified Employee Pension ("SEP") Account. Claimants alleged that in May of 2006 Respondent closed their money market account and froze their personal assets without any notification. Claimants alleged that this closure shutdown their ability to conduct business and caused them to lose money.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: Claimants' actions are barred as a matter of law; Claimants, by their own conduct and the circumstances of this case, are estopped from asserting the claims being made; Respondent's actions or inactions are not the proximate cause of Claimants' alleged damages, if any; to the extent the Statement of Claim seeks damages for any alleged violation of the Rules of the NYSE or any other securities industry self-regulatory organization, the Statement of Claim failed to state a claim upon which relief may be granted; Claimants are estopped from seeking recovery from Respondent on the basis of allegations that are inconsistent or contrary to those representations and warranties upon which Respondent reasonably relied; and Claimants' purported causes of action are barred as against Respondent by the doctrine of unclean hands.

## RELIEF REQUESTED

Claimants requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $3,000,000.00 |
| Exemplary/Punitive Damages | Unspecified |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 3 of 7

Respondent requested that the claims asserted against it be dismissed in their entirety and that it be awarded its costs and attorneys' fees.

## OTHER ISSUES CONSIDERED & DECIDED

In its Second Scheduling Order entered on or about February 23, 2007, the Panel ordered that Claimants' February 21, 2007 letter withdrawing their Motion to Strike Respondent's Answer rendered Claimants' request moot. The Panel also ordered that the parties complete their respective document production by March 1, 2007, and ordered the parties to submit new dates for the hearing.

Respondent filed a Motion to Dismiss as a Sanction for Failure to Comply with Discovery ordered by the Panel on or about March 14, 2007. Claimants filed a Response on March 29, 2007.

In its Order dated April 18, 2007, the Panel ordered:

> After discussion between the parties regarding discovery, it was agreed, and hereby is ordered, that on or before April 20, 2007, Claimant will fax a letter to Respondent's counsel specifying those documents which he still requires be produced to him, including the dates of three deposits which Claimant contends are not accurately reflected on statements previously produced so that Respondent can provide deposit slips relating to such deposits. That production will be made to the Claimant on or before May 4, 2007. Likewise, the Claimant has agreed to deliver to the Chicago Offices of Duane Morris, located at 227 West Monroe Street, Suite 3400, Chicago, IL 60606, a duplicate set of the documents previously produced by Claimant, but apparently not received by Respondent's counsel, such delivery to be made on or before April 20, 2007... The panel and parties, including Claimants' new counsel, will reconvene by conference call on May 15, 2007 at 11:00 a.m. central time...

Respondent filed a Renewed Motion to Dismiss for Failure to Comply with Discovery as ordered by the Panel in its Order of April 18, 2007. Claimants filed a response on or about May 18, 2007.

In its Order dated May 15, 2007, the Panel ordered that the parties agreed on mutual cooperation in the exchange of documents, to be completed by June 29, 2007, and that Respondent agreed to table its Renewed Motion to Dismiss pending the exchange of documents.

On or about July 31, 2007, Respondent filed a Motion to Dismiss for Failure to Comply with Discovery as ordered by the Panel in its Order of May 15, 2007. Claimants did not file a Response.

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 4 of 7

In its Order dated September 12, 2007, the Panel ordered that Claimants have 21 days from the date of the Order to comply with discovery as incorporated in the Panel's May 15, 2007 Order. If the Claimants do not comply, Respondent's Motion to Dismiss will be granted.

In its letter dated October 3, 2007, Respondent advised that it received no documents complying with discovery pursuant to Panel's September 12, 2007 Order. Therefore, Respondent requested that the Panel dismiss this arbitration pursuant to the Panel's September 12, 2007 Order. Claimant did not file a response to Respondent's October 3, 2007 letter.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony, and the evidence presented during the pre-hearings, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.) Claimants' claims, each and all, are hereby denied and dismissed with prejudice;

2.) Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

3.) Any relief not specifically enumerated, including punitive damages and attorneys' fees, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**

FINRA Dispute Resolution will retain the non-refundable filing fee for each claim:

Initial Claim filing fee                                           = $ 500.00

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 5 of 7

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. In this matter, the member firm is Edward D. Jones & Co., L.P.

| | |
|---|---|
| Member surcharge | = $ 2,800.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 5,000.00 |

### Adjournment Fees

Adjournments granted during these proceedings:

April 23 - 24, 2007, adjournment requested jointly by the parties    = $ 1,200.00

### Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

April 23 - 24, 2007, adjournment requested jointly by the parties    = $ 300.00

### Forum Fees and Assessments

The Panel has assessed forum fees for each hearing session conducted or each decision rendered on a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Four (4) Pre-hearing sessions with Panel x $1,200.00                                  = $ 4,800.00
Pre-hearing conferences:  November 6, 2006       1 session
                         November 22, 2006      1 session
                         April 18, 2007         1 session
                         May 15, 2007           1 session

Total Forum Fees                                                                      = $ 4,800.00

The Panel has assessed $4,800.00 of the forum fees jointly and severally to Robert Sam, Jr. and Karen K. Auksi-Sam, Individually and on Behalf of their Roth IRAs, SEP IRA, and North Star Basements, Inc.

FINRA Dispute Resolution
Arbitration No. 06-02742
Award   Page 6 of 7

### Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters and security.

| | | |
|---|---|---|
| Claimants, requested copies of the audio transcripts | = $ | 15.00 |

### FEE SUMMARY

Claimants, Robert Sam, Jr. and Karen K. Auksi-Sam, Individually and on Behalf of their Roth IRAs, SEP IRA, and North Star Basements, Inc., are jointly and severally liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 500.00 |
| Adjournment Fee | = $ | 1,200.00 |
| Three-Day Cancellation Fee | = $ | 150.00 |
| Administrative Costs | = $ | 15.00 |
| Forum Fees | = $ | 4,800.00 |
| Total Fees | = $ | 6,665.00 |
| Less payments | = $ | 1,700.00 |
| Balance Due FINRA Dispute Resolution | = $ | 4,965.00 |

Respondent, Edward D. Jones & Co., L.P., is liable for:

| | | |
|---|---|---|
| Member Fees | = $ | 8,550.00 |
| Three-Day Cancellation Fee | = $ | 150.00 |
| Total Fees | = $ | 8,700.00 |
| Less payments | = $ | 8,700.00 |
| Balance Due FINRA Dispute Resolution | = $ | 0.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 7 of 7

## ARBITRATION PANEL

Ann Breen-Greco, Esq. - Public Arbitrator, Presiding Chair
David E. Neely - Public Arbitrator
Lisa A. Randall-Haag - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Ann Breen-Greco, Esq.                       October 18, 2007
Ann Breen-Greco, Esq.                           Signature Date
Public Arbitrator, Presiding Chair


_____                     _____
David E. Neely                                  Signature Date
Public Arbitrator

/s/ Lisa A. Randall-Haag                        October 18, 2007
Lisa A. Randall-Haag                            Signature Date
Non-Public Arbitrator


October 19, 2007
Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 7 of 7

## ARBITRATION PANEL

Ann Breen-Greco, Esq. - Public Arbitrator, Presiding Chair
David E. Neely - Public Arbitrator
Lisa A. Randall-Haag - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

*[signed]* Ann Breen-Greco                    10/18/07
Ann Breen-Greco, Esq.                         Signature Date
Public Arbitrator, Presiding Chair


David E. Neely                                Signature Date
Public Arbitrator


Lisa A. Randall-Haag                          Signature Date
Non-Public Arbitrator


Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-02742
Award    Page 7 of 7

## ARBITRATION PANEL

Ann Breen-Greco, Esq. - Public Arbitrator, Presiding Chair
David E. Neely - Public Arbitrator
Lisa A. Randall-Haag - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Ann Breen-Greco, Esq.
Public Arbitrator, Presiding Chair

_____
Signature Date

_____
David E. Neely
Public Arbitrator

_____
Signature Date

_____
Lisa A. Randall-Haag
Non-Public Arbitrator

10/18/07
_____
Signature Date

_____
Date of Service (For FINRA office use only)