IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD D. JONES & CO., L.P., ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| vs. ) | No. 08 C 1097 |
| ) | |
| ROBERT SAM, JR., and KAREN K. ) | Judge Kocoras |
| AUKSI-SAM, individually and on behalf of ) | |
| their Roth IRAs, Sep IRA, and North Star ) | |
| Basements, Inc., ) | |
| ) | |
| *Respondents*. ) | |

**RESPONDENTS' ANSWER
TO PETITIONER'S APPLICATION
TO CONFIRM ARBITRATORS' AWARD**

Come now the Respondents, ROBERT SAM, JR., and KAREN K. AUKSI-SAM, individually and on behalf of their Roth IRAs, Sep IRA, and North Star Basements, Inc., by their counsel, Joseph A. Morris, Charles H. Bjork, and Morris & De La Rosa, and answer Petitioners' [*sic*] Application to Confirm Arbitrators' Award, and say:

**Answer**

1. Edward Jones seeks to confirm the Award it obtained in connection with the Arbitration. A copy of the Arbitration Award is attached as Exhibit A.

Answer:   Respondents admit that Petitioner seeks to confirm what its purports is an arbitration award and that a copy of the purported arbitration award is attached to the Application as Exhibit A. Respondents deny the remaining allegations of Paragraph 1 of the Application.

2. Robert Sam filed a Statement of Claim on July 5, 2006. A copy of the Statement of Claim is attached as Exhibit B (exhibits to response omitted).

Answer:   Respondents admit that a Statement of Claim was filed on July 5, 2006, and aver that the Statement of Claim was filed by Robert Sam, Jr. Respondents admit that a copy of the Statement of Claim is attached to the Application as Exhibit B. Respondents are without knowledge

as to whether or not exhibits to response [*sic*] were omitted, and therefore neither admit nor deny the same; and aver that exhibits, if any, to the Statement of Claim were omitted from Exhibit B of the Application.

    3.    On August 24, 2006, Edward Jones filed a Response to the Statement of Claim. A copy of the Response to the Statement of Claim is attached as Exhibit C (exhibits to the Response omitted).

    Answer:    Respondents admit the allegations of Paragraph 3 of the Application.

    4.    Edward Jones then proceeded to file four separate motions to dismiss because Claimant failed to engage in any discovery. In response, instead of producing the documents, the Claimant made a series of irrelevant arguments. After giving the Claimant seven months to produce documents, on October 19, 2007, the Panel finally granted Edward Jones' fourth motion to dismiss for failure to comply with discovery. *See* Exhibit A.

    Answer:    Respondents admit that on October 19, 2007, a purported arbitration award was entered; that the same is attached to the Application as Exhibit A; and that, to the extent that the matter set forth in said document are material hereto, the document speaks for itself. Respondents deny the remaining allegations of Paragraph 4 of the Application.

    5.    Edward Jones brings this petition pursuant to 9 U.S.C. § 9 and requests that this Court enter an order confirming the Arbitration Award entered October 19, 2007.

    Answer:    Respondents admit the allegations of Paragraph 5 of the Application.

    6.    Pursuant to 9 U.S.C. § 9, an application for confirmation may be made to the United States District Court in and for the District within which such award was made.

    Answer:    Paragraph 6 of the Application states conclusions of law to which no answer by Respondents is required.

    7.    The Panel made its award in Chicago, Illinois and thus jurisdiction and venue is proper in this Court.

    Answer:    Respondents are without knowledge as to where the Panel made its purported award, and therefore neither admit nor deny the allegation that the Panel made its award in Chicago, Illinois; Respondents do not contest venue in this Court; and Respondents otherwise deny the remaining allegations of Paragraph 7 of the Application.

    8.    "[A]n action for confirmation under 9 U.S.C. § 9 is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994).

    Answer:    Paragraph 8 of the Application states conclusions of law to which no answer by Respondents is required.

    9.    Robert Sam has not moved to vacate the award within the appropriate time period. Thus, he is precluded from challenging the award and it should be confirmed. *See Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 490 (7th Cir. 2005) (any motion to vacate an arbitration award must be served within three months after the award is filed or delivered).

    Answer:    Respondents admit that Robert Sam has not moved to vacate the purported arbitrators' award. The remaining allegations of Paragraph 9 of the Application state conclusions of law to which no answer by Respondents is required.

    10.    As there is no basis to vacate the Award, the Court is required to enter an Order confirming the Award pursuant to 9 U.S.C. § 9.

    Answer:    The allegations of Paragraph 10 of the Application state conclusions of law to which no answer by Respondents is required; but, to the extent that the allegations of Paragraph 10 of the Application state allegations of fact, Respondents deny the same.

    11.    Edward Jones cannot obtain complete relief in this matter unless the Court orders the confirmation of the Arbitration Award.

    Answer:    Respondents deny the allegations of Paragraph 11 of the Application.

## **Affirmative Defenses**

    1.    Respondents did not elect or assent to arbitration by the arbitration service which entered the purported arbitral award, and the purported arbitral award is therefore without force or effect, may not be enforced, and should not be confirmed.

    2.    Respondents did not elect or assent to arbitration by the panel of arbitrators which entered the purported arbitral award, and the purported arbitral award is therefore without force or effect, may not be enforced, and should not be confirmed.

3. Respondents seasonably withdrew their Statement of Claim, and the purported arbitral award based thereon is therefore without force or effect, may not be enforced, and should not be confirmed.

4. Respondents complied with discovery requests propounded in the course of the arbitration proceeding in which they took part, and the entry of a summary arbitral award against them as a sanction for failure to comply with discovery requests is unjust, inequitable, and contrary to law.

5. To the extent that any findings made or relief granted to Petitioner in the purported arbitral award are outside the scope of the arbitration, the same are void or voidable, without force and effect, and unenforceable.

Respondents reserve the right to supplement and amend their Affirmative Defenses after discovery.

**Prayer for Relief**

WHEREFORE, Respondents respectfully pray that this Honorable Court will enter judgment in favor of Respondents, and against Petitioner, and will grant Respondents such other relief as may be just and proper.

Dated:    March 11, 2008.

Respectfully submitted,

/s/ JOSEPH A. MORRIS

_____

JOSEPH A. MORRIS
One of Counsel for Respondents

JOSEPH A. MORRIS
CHARLES H. BJORK
MORRIS & DE LA ROSA
39 South La Salle Street
Fifth Floor
Chicago, Illinois 60603
(312) 606-0876

*Counsel for Respondents.*