IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD D. JONES & CO., L.P., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 08 C 1097 |
| | ) | |
| ROBERT SAM, JR., and KAREN K. AUKSI-SAM, individually and on behalf of their Roth IRAs, Sep IRA, and North Star Basements, Inc., | ) ) ) ) ) | Judge Kocoras |
| | ) | |
| Respondents. | ) | |

**MOTION OF RESPONDENTS FOR LEAVE
TO AMEND AND SUPPLEMENT ANSWER**

Come now the Respondents, ROBERT SAM, JR., and KAREN K. AUKSI-SAM, individually and on behalf of their Roth IRAs, Sep IRA, and North Star Basements, Inc., by their counsel, Joseph A. Morris, Charles H. Bjork, and Morris & De La Rosa, and respectfully move this Honorable Court for leave to amend and supplement their Answer herein within 28 days. In support hereof, Respondents state as follows:

1. On or about Thursday, February 28, 2008, Respondent Robert Sam, Jr., (hereinafter, "Sam") received notice of Petitioner's Application to Confirm Arbitrators' Award (hereinafter, the "Application") and of their intention to present the same to the Court on March 4, 2008, at 9:30 a.m.

2. On Thursday, February 28, 2008, at approximately 10:37 p.m., Sam transmitted a copy of the Application to the offices of Morris & De La Rosa, his counsel, for the attention of Joseph A. Morris (hereinafter, "Morris"). Morris is the attorney principally responsible for the defense of this matter.

3. On Friday, February 29, 2008, Morris briefly reviewed the Application, and reviewed it with greater care over the weekend of March 1 - March 2, 2008.

4. On Monday, March 3, 2008, Morris and Sam conferred by telephone regarding the Application.

  5. The same, day, Monday, March 3, 2008, Morris thereupon immediately telephoned counsel for Petitioner at Duane Morris, L.L.P., including both Robert P. Bramnik (hereinafter "Bramnik") and Rachael Pontikes (hereinafter, "Pontikes"), and spoke by telephone with such counsel, including Bramnik and Pontikes. In the course of those conversations Morris informed Bramnik and Pontikes that he would appear and defend Respondents. In addition, in his conversation with Pontikes, Morris informed Pontikes that on the following morning, at the same hour at which the instant matter would be presented to Judge Kocoras, Morris was already scheduled to attend upon the Court in a matter pending before another judge. (Morris did not identify to Pontikes the judge or the matter, but the case was *Adler v. Evanston Northwestern Healthcare Corp.*, U.S.D.C., N.D.Ill., No. 07 C 4203, and the judge was the Honorable Matthew F. Kennelly.) Morris told Pontikes that he would come to the courtroom of Judge Kocoras immediately upon the conclusion of the hearing in the other matter, but warned Pontikes that there was some possibility that Morris would be delayed such that he would not arrive in time for the hearing in the instant matter at all. Pontikes and Morris agreed that, if Morris did not arrive in the courtroom of Judge Kocoras on time for the hearing, Pontikes would inform Judge Kocoras that Morris would appear and defend Respondents; that Morris requested 28 days in which to file a responsive pleading on behalf of Respondents; and that Petitioner had no objection to such request.

  6. On Tuesday, March 4, 2008, the scheduled hearing was held in the instant matter. Morris first attended upon the Court in the matter pending before Judge Kennelly, and then came promptly to the courtroom of Judge Kocoras. By the time Morris arrived in the courtroom of Judge Kocoras, however, the morning's call, including the hearing in the instant matter, and been concluded.

  7. The failure of Morris to attend upon the Court on March 4, 2008, was not the result of any negligence or disrespect for the Court or counsel, but solely by dint of Morris's professional obligations to attend to a matter that was previously scheduled.

8. Morris is informed that Sam, individually and acting *pro se*, attended upon and addressed the Court. Morris was unaware that Sam intended to attend and speak at the hearing. With the assent of Pontikes, Morris had prepared, instead, that if Morris failed to attend the hearing, the views and requests of Morris would be communicated to the Court by Pontikes.

9. In any event, at the hearing held on March 4, 2008, the Court allowed Respondents only until March 11, 2008, in which to answer the Application.

10. In obedience to the Court's Order of March 4, 2008, Respondents filed their Answer to the Application on March 11, 2008.

11. Morris believes, however, that, notwithstanding his diligent efforts, the time available to him prior to the filing of the Answer did not permit him fully and properly to investigate the matter. Among the circumstances which militate in favor of a grant of additional time for such investigation are these: (a) Written materials tendered to counsel by Respondents relating to Petitioner and to arbitral proceedings consist of several folders and boxes. (b) Said materials are not well organized. (c) During prior proceedings between Petitioner and Respondents, Respondents were represented at various times by at least two separate sets of counsel and also acted *pro se* for significant periods of time.

12. Morris believes, in good faith, that additional time is required for investigation of the matter and for consideration of the Answer, and its amendment or supplementation, if necessary.

13. Morris believes that he can reasonably perform the necessary work on or before April 8, 2008.

WHEREFORE, Respondents respectfully pray that this Honorable Court will grant them to and including April 8, 2008, in which to file, at their election, an amended or supplemented Answer.

Dated:　　　March 11, 2008.

Respectfully submitted,

/s/ JOSEPH A. MORRIS

_____

JOSEPH A. MORRIS
One of Counsel for Respondents

JOSEPH A. MORRIS
CHARLES H. BJORK
MORRIS & DE LA ROSA
39 South La Salle Street
Fifth Floor
Chicago, Illinois 60603
(312) 606-0876

*Counsel for Respondents.*